UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1322 O St Investors LP, | No. 2:24-cv-01147-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Bernardita Odrunia, | |
| Defendant. | |

Defendant Bernardita Odrunia, proceeding pro se, removed this unlawful detainer action from the Sacramento County Superior Court. Notice of Removal, ECF No. 1. Odrunia also filed a motion to proceed in forma pauperis. Mot., ECF No. 2. For the reasons below, the court **remands** the matter to state court and **denies** the motion to proceed in forma pauperis as moot.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity.  28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

Odrunia's notice of removal does not explain the basis for this court's jurisdiction.  *See generally* Notice of Removal.  Moreover, plaintiff's complaint filed in state court shows this court lacks subject matter jurisdiction over this action.  *See* State Ct. Compl., Notice of Removal at 6–8.[1]  First, plaintiff asserts only a claim for unlawful detainer, which is a matter of state law.  *See id.*  Thus, the court does not have federal question jurisdiction over the action.  *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("[Plaintiff] may generally avoid federal jurisdiction by pleading solely state-law claims.").  Second, both parties appear to be citizens of California and the amount in controversy is well below $75,000.  *See* State Ct. Compl.  Thus, the court does not have diversity jurisdiction over the action.  *See Matheson*, 319 F.3d at 1090.  Accordingly, the case must be remanded.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Thus, the court **remands this matter to the Sacramento County Superior Court.** Odrunia's **motion** to proceed in forma pauperis is **denied as moot.**

IT IS SO ORDERED.

DATED: April 24, 2024.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.